UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| LASHAWN ZIEGLER, | ) | CASE NO. 4:09 CV 2941 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| CHRISTOPHER D. BECKER, *et al.*, | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

*Pro se* plaintiff Lashawn Ziegler filed this action under 42 U.S.C. §§1983, 1985, 1986, and 1988, and 18 U.S.C. §§ 241 and 242 against Trumbull County Prosecutor Christopher D. Becker, Trumbull County Common Pleas Court Clerk of Court Karen Infante Allen, Ohio Title Department Inspector, Ohio Title Department Inspector Marisa Gregos, Trooper Michael D. Russell, Trooper John Doe, and John Does 1-30. In the complaint, Ziegler asserts claims arising from the execution of a search warrant and seeks monetary damages.

**Background**

The Complaint submitted by Ziegler is exceedingly vague. He indicates a search warrant was executed on March 12, 2008 at his property at 2347 Parkwood Dr., Warren, Ohio. The warrant, supported by the affidavit of Trooper Michael Russell, sought evidence of stolen vehicles or vehicle parts. The search was executed on March 13, 2008. Officers confiscated several cars, a Glock handgun with one magazine and a holster, a rifle with an empty magazine, several bags of marijuana, a digital scale with suspected drug residue, and several plastic bags containing a total of $13,123.00. Thereafter, Ziegler was arrested and charged with two counts of receiving stolen property, one count of insurance fraud, three counts of tampering with records, one count of

falsification, one count of possession of marijuana with forfeiture and firearm specifications, and one count of trafficking in marijuana with forfeiture and firearm specifications. He entered a guilty plea to the charges, absent the firearms specifications, on March 17, 2010 and is awaiting sentencing.

Ziegler includes seven counts for relief in his complaint. First, he claims that Defendants conspired under 42 U.S..C. § 1983 to "impede and hinder the due course of justice." (Compl. at 5.) In count two, he asserts under §§ 1983 and 1985 that Defendants conspired to "obstruct justice through conspiracy" and deprive him of equal protection of the law. In count three, Ziegler asserts that Defendants deprived him of constitutional and statutory rights. He contends that. Ross and Gregos inspected the vehicles that were suspected of having been stolen and did not alert him to problems with their vehicle identification numbers. He further claims that Allen placed her seal and signature on the titles. In count four, Ziegler asserts a claim of malicious prosecution based on other lawsuits he filed against the City of Warren. In count five, he asserts a claim for abuse of process. Count six contains claims under 18 U.S.C. §§ 241 and 242. The final count contains a claim under state law for intention infliction of emotional distress. The Court notes that no factual allegations are attached to any particular claim in the complaint. Instead, facts are strewn throughout the complaint and never associated with any particular cause of action.

## Analysis

While *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court may dismiss an action *sua sponte* if the complaint is so "implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion" as to deprive the court of jurisdiction. *Apple v. Glenn*,

183 F.3d 477, 479 (6th Cir. 1999)(*citing Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)). The claims asserted in this action satisfy these criteria.

Although Ziegler does not specify a particular constitutional right he believes to have been violated, it is apparent on the face of the complaint that he is challenging the evidence and the charges levied against him in pending criminal proceedings. To that extent, Ziegler's complaint would appear to include allegations of violations of the Fourth and Fourteenth Amendments. However, a person may not raise claims in a civil rights action if a judgment on the merits of those claims would affect the validity of his conviction or sentence, unless the conviction or sentence has been set aside. *See Edwards v. Balisok*, 520 U.S. 641, 646 (1997); *Heck v. Humphrey*, 512 U.S. 477, 486 (1994). The holding in *Heck* applies whether plaintiff seeks injunctive, declaratory or monetary relief. *Wilson v. Kinkela*, No. 97-4035, 1998 WL 246401 at *1 (6th Cir. May 5, 1998). It is clear in the complaint that Ziegler disputes the problems with the vehicle titles and alleges that if he had known there were defects in title, he would not have transported them across state lines or attempted to register them. It also appears he may be attempting to challenge the drug evidence found in the course of the search for stolen vehicles. He contends the warrant did not permit the officers to confiscate anything other than items pertaining to the stolen vehicles. If these allegations are found to have merit, they would call into question the validity of his convictions. As such, he must also allege that his convictions were declared invalid by either an Ohio state court or a federal habeas corpus decision. He has not done so and all of his claims that challenge his conviction must be dismissed. This includes counts one, two, and three of the complaint. If the Court were to find merit in any of the allegations related to those counts, it would effectively negate Ziegler's convictions, at least in part.

In addition, Ziegler includes claims under 18 U.S.C. §§ 241, and 242. These are criminal statutes. They provide no private right of action. *U.S. v. Oguaju*, No. 02-2485, 2003 WL 21580657, *2 (6th Cir. July 9, 2003); *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 511 (2d Cir. 1994). Accordingly, these claims are dismissed.

Ziegler's remaining claims are matters of state law. The Supreme Court has held that pendent jurisdiction exists whenever state law and federal law claims derive from the same nucleus of operative facts and when considerations of judicial economy dictate having a single trial. *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 724 (1966). The court, however, may exercise discretion in hearing state law matters. *Id.* at 726. In cases where the federal law claims are dismissed before trial, the state law claims should also be dismissed. *Id.* Having dismissed Ziegler's federal law claims, this court declines to exercise jurisdiction over his state law claims.

## Conclusion

Accordingly, this action is dismissed. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

IT IS SO ORDERED.

Date: April 16, 2010                    /s/ John R. Adams
                                        JOHN R. ADAMS
                                        UNITED STATES DISTRICT JUDGE

---

[1]     28 U.S.C. § 1915(a)(3) provides:

   An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.

4